_Randal S. Mashburn_
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 6/5/2020



MMC

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTORS **DANE LEE BURKS**　　　　　　　　　　　　　Case No.　　20-00634-RM3-13
**DEANNA WOOD BURKS**
SSN XXX-XX- 5228  SSN XXX-XX- 3931

## ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

### CONFIRMED WITH CHANGES

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtors shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtors shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$310.00** for filing fees.

7. The debtors shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtors retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtors or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

**PART 1:　　NOTICES**

The confirmed plan **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**Debtors will make payments to the trustee as follows**:

**$4,688.00 MONTHLY from DANE LEE BURKS**

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

### Plan "base" and income tax refunds:

Debtors shall pay to the trustee a minimum amount, called a "base," of **$281,200.00**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

## PART 3: TREATMENT OF SECURED CLAIMS

### 3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).

Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claimholder listed below the obligation to:
· Apply arrearage payments received from the trustee only to such arrearages.
· Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Current monthly payment (including escrow) | Amount of arrearage | Last month in prepetition arrearage | Monthly payment on arrearage, if any |
|---|---|---|---|---|
| HOME POINT FINANCIAL CORP MTG CONT 130 THORNWOOD PL | $1,906.17 | Prepetition: $565.59 | 01/20 | pro rata |
| | | Gap payments: $9,530.85 | | pro rata |

Months in gap:
FEB 2020-JUN 2020

As of the submission of this order to the Court, the trustee's records reflect the following filed notice(s) of post-petition fees, expenses, and charges:

| Creditor/Collateral | Amount of asserted fee(s), expense(s), charge(s) | Monthly payment on arrearage, if any |
|---|---|---|
| HOME POINT FINANCIAL CORP POC AND 410A FEES | $1,200.00 | pro rata |

### 3.2 Valuation of security and claim modification.

For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)    payment of the underlying debt determined under nonbankruptcy law, or

(b)    discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of Claim | Value securing claim | Value of collateral less than Claim? | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| UNITED STATES TREASURY 17 18 TAXES | $15,925.05 | $204,303.00 | No | 4.75% | $299.00 |

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)     payment of the underlying debt determined under nonbankruptcy law, or

(b)     discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of claim | Interest rate | Monthly payment |
|---|---|---|---|
| CARVANA LLC<br>14 FORD F150 / 910 AUTOMOBILE LOAN | $17,623.97 | 4.75% | $337.00 |
| VOLVO CAR FINANCIAL SERVICES US LLC<br>15 VOLVO V60 / 910 AUTOMOBILE LOAN | $14,829.99 | 4.75% | $283.00 |

**3.4 Lien avoidance.**

--------------- NONE ---------------

**3.5 Surrender of collateral.**

--------------- NONE ---------------

## PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)

**4.1 Attorney's fees.**

The balance of fees currently owed to **LEFKOVITZ AND LEFKOVITZ PLLC** is **$1,300.00**. The total fee awarded to the attorney is **$4,250.00** pursuant to Administrative Order 20-2.

Except for any fees retained as a "Success Incentive", the balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **Available funds**.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------NONE----------

**4.3 Other priority claims.**

The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| UNITED STATES TREASURY | $18,402.19 |

16 19 TAXES

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **$64,759.00** and a minimum dividend of **28.500**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

N/A

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- NONE ---------------

**5.4 Separately classified nonpriority unsecured claims.**

--------------- NONE ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

----------NONE----------

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

**Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtors, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| | CURRENT | | ARREARS | |
|---|---|---|---|---|
| **Creditor/Collateral** | **Monthly Payment** | **Total to be paid** | **Amount to be paid** | **Monthly Payment** |
| AT T | per contract if applicable | per contract if applicable | $0.00(e) | n/a |
| CELL PHONE | Disbursed by: debtor | | Disbursed by: trustee | |

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

### PART 8: VESTING OF PROPERTY OF THE ESTATE

**8.1 Property of the estate will vest in the debtors upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

### PART 9: NONSTANDARD PLAN PROVISIONS

**Debtor(s) to attend IRS Business Workshop within 270 days of the class becoming available.**

Approved:

/s/LEFKOVITZ AND LEFKOVITZ PLLC
LEFKOVITZ AND LEFKOVITZ PLLC
ATTY FOR THE DEBTOR
618 CHURCH STREET STE 410
NASHVILLE, TN  37219
615-256-8300
lefkovitzbkcvl@lefkovitz.com

RANDAL S MASHBURN
Bankruptcy Judge

Original 341 Date: **March 17, 2020   2:00 pm**
Case no: **20-00634-RM3-13**
Printed: **06/05/2020      11:39 am**

# EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

\* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

|   | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
|   | US BANKRUPTCY COURT | FILING FEE | 1 |
|   | US BANKRUPTCY COURT | NOTICE FEE | 2 |
| * | CARVANA LLC<br>14 FORD F150 | 910 AUTOMOBILE LOAN | 3 |
| * | HOME POINT FINANCIAL CORP<br>MTG CONT 130 THORNWOOD PL | MTG-ON GOING MTG PYMT | 3 |
| * | UNITED STATES TREASURY<br>17 18 TAXES | SECURED CREDITOR | 3 |
| * | VOLVO CAR FINANCIAL SERVICES US L<br>15 VOLVO V60 | 910 AUTOMOBILE LOAN | 3 |
| * | HOME POINT FINANCIAL CORP<br>POC AND 410A FEES | MTG-FEES, COSTS & EXPENSES | 4 |
| * | HOME POINT FINANCIAL CORP<br>FEB 2020-JUN 2020 130 THORNWOOD PL | MTG-GAP PYMTS (POST PET/PRE CONF) | 4 |
| * | HOME POINT FINANCIAL CORP<br>MTG ARRS 130 THORNWOOD PL | MTG-PRE-PETITION ARREARS | 4 |
|   | LEFKOVITZ AND LEFKOVITZ PLLC | ATTORNEY FEE | 4 |
| * | UNITED STATES TREASURY<br>16 19 TAXES | PRIORITY CREDITOR | 4 |
| ! | LEFKOVITZ AND LEFKOVITZ PLLC | ATTY SUCCESS INCENTIVE/PRIOR ATTY | 5 |
|   | ADVANED HEALTH | UNSECURED CREDITOR | 6 |
| * | AMERICAN EXPRESS | UNSECURED CREDITOR | 6 |
| * | AMERICAN EXPRESS<br>CC | UNSECURED CREDITOR | 6 |
| * | ASHLEY FUNDING SERVICES<br>LABCORP | UNSECURED CREDITOR | 6 |
| * | ASHLEY FUNDING SERVICES | UNSECURED CREDITOR | 6 |

| | | | |
|---|---|---|---|
| | LABCORP | | |
| | BANK OF AMERICA | UNSECURED CREDITOR | 6 |
| * | BANK OF AMERICA<br>CC | UNSECURED CREDITOR | 6 |
| * | BANK OF AMERICA | UNSECURED CREDITOR | 6 |
| * | CAPITAL ONE BANK USA NA | UNSECURED CREDITOR | 6 |
| | CENTENNIAL HEART AT CENTENNIAL | UNSECURED CREDITOR | 6 |
| * | CENTENNIAL SURGERY | UNSECURED CREDITOR | 6 |
| * | CITIZENS BANK<br>FITNESS EQUIPMENT AND PARTS<br>COSIGNER | UNSECURED CREDITOR | 6 |
| | DOVERSIDE EMER PHYS | UNSECURED CREDITOR | 6 |
| * | HENDERSONVILLE MED CENTER | UNSECURED CREDITOR | 6 |
| | IMPORT FLOWERS NASHVILLE | UNSECURED CREDITOR | 6 |
| | JC AND ROLLIE | UNSECURED CREDITOR | 6 |
| * | JEFFERSON CAPITAL SYSTEMS LLC<br>SYNCHRONY BANK LOWES | UNSECURED CREDITOR | 6 |
| | JPMCB CARD<br>CC | UNSECURED CREDITOR | 6 |
| | JPMCB CARD<br>AMAZON | UNSECURED CREDITOR | 6 |
| * | JPMORGAN CHASE BANK NA<br>AMAZON | UNSECURED CREDITOR | 6 |
| * | JPMORGAN CHASE BANK NA<br>CC | UNSECURED CREDITOR | 6 |
| * | LVNV FUNDING LLC<br>CREDIT ONE CC | UNSECURED CREDITOR | 6 |
| | NASHVILLE BREAST CTR | UNSECURED CREDITOR | 6 |
| | OSCAR | UNSECURED CREDITOR | 6 |
| | PAYPAL | UNSECURED CREDITOR | 6 |
| * | PORTFOLIO RECOVERY ASSOCIATES LLC<br>HOME DEPOT CITIBANK | UNSECURED CREDITOR | 6 |
| * | PORTFOLIO RECOVERY ASSOCIATES LLC<br>CREDIT CARD | UNSECURED CREDITOR | 6 |
| * | PORTFOLIO RECOVERY ASSOCIATES LLC<br>CAPITAL ONE NIEMAN | UNSECURED CREDITOR | 6 |
| * | QUANTUM3 GROUP LLC<br>COMENITY POTTERY BARN | UNSECURED CREDITOR | 6 |

| Debtors | BURKS | Case number | 20-00634-RM3-13 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| * | QUANTUM3 GROUP LLC<br>COMENITY J CREW | UNSECURED CREDITOR | 6 |
| * | QUANTUM3 GROUP LLC<br>TREK | UNSECURED CREDITOR | 6 |
| * | QUANTUM3 GROUP LLC<br>COMENITY RESTORATION HARDWARE 2019CV1291 | UNSECURED CREDITOR | 6 |
| * | SKYLINE MEDICAL CENTER | UNSECURED CREDITOR | 6 |
| | STERLING PRIMARY CARE ASSOC | UNSECURED CREDITOR | 6 |
| | SUMNER COUNTY EMS | UNSECURED CREDITOR | 6 |
| * | SWIFT FINANCIAL LLC<br>PAYPAL | UNSECURED CREDITOR | 6 |
| * | SYNCHRONY BANK<br>DISCOUNT TIRE | UNSECURED CREDITOR | 6 |
| * | SYNCHRONY BANK<br>JCPENNEY CC 2019CV3610 | UNSECURED CREDITOR | 6 |
| | TENNESSEE ORTHOPAEDIC ALLIANCE | UNSECURED CREDITOR | 6 |
| | TENNESSEE WOMENS CARE | UNSECURED CREDITOR | 6 |
| * | UNITED STATES TREASURY<br>12 TO 15 TAXES | UNSECURED CREDITOR | 6 |
| | USAA SAVINGS BANK<br>CC | UNSECURED CREDITOR | 6 |
| | WORLDWIDE EXPRESS | UNSECURED CREDITOR | 6 |
| | 1305 CLAIM | UNSECURED - 1305 | 7 |

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.